IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD HELFRICH,

                     Petitioner,

v.                                              OPINION and ORDER

WARDEN KEYS,                            24-cv-4-jdp

                     Respondent.

---

Petitioner Richard Helfrich, proceeding without counsel, has filed a second petition for writ of habeas corpus under 28 U.S.C. § 2241. I denied his first petition as moot because he had received the maximum First Step Act time credit. Dkt. 3; *see* No. 23-cv-68, Dkt. 11.[1] In this second petition, Helfrich contends that he has earned First Step Act time credits entitling him to earlier supervised release or, alternatively, time off his supervised release term. *See* Dkt. 2, at 6. I will deny Helfrich's petition.

An individual seeking a writ of habeas corpus must be "in custody" for a federal court to consider his petition. 28 U.S.C. § 2241(c)(1)–(3). When an individual is no longer in custody, his habeas petition is moot unless there are sufficient collateral effects or legal consequences causing him a concrete and continuing injury. *Lane v. Williams*, 455 U.S. 624, 631–32 (1982); *see Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012).

Helfrich was released from federal prison after he filed his petition. The parties agree that his release date was December 3, 2024. *See* Dkt. 2, at 4; Dkt. 8, at 2; Dkt. 9, ¶¶ 8, 15. The Bureau of Prisons' inmate locator website confirms that Helfrich was no longer in its custody

---

[1] My citations reference the docket numbers in this case unless otherwise indicated.

as of that date.[2] Because Helfrich is no longer in federal prison, his request that I apply his First Step Act time credits towards early supervised release is denied as moot.

That leaves Helfrich's contention that his First Step Act time credits entitle him to time off his term of supervised release. First Step Act time credits do not apply to an individual's term of supervised release. They apply only toward the term of incarceration, accelerating placement in prerelease custody or transfer to supervised release. *See* 18 U.S.C. §§ 3624(g)(3), 3632(d)(4)(C); 28 C.F.R. § 523.44(c), (d).

ORDER

IT IS ORDERED that:

1. Petitioner Richard Helfrich's petition for a writ of habeas corpus under 28 U.S.C. § 2241, Dkt. 1, is DENIED.

2. The clerk of court is directed to enter judgment accordingly and close the case.

Entered October 24, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

---

[2] To access this website, see Find an Inmate, Fed. Bureau of Prisons, https://www.bop.gov/mobile/find_inmate/byname.jsp (last accessed Oct. 23, 2025).